UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Gary Dean Dwyer, Sr., | ) | **C/A No. 3:11-2012-JFA-JRM** |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| Attorney General Alan Wilson; | ) | |
| Henry McMaster, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

_____

### *Background of this Case*

Plaintiff is a resident of Sumter, South Carolina. The "lead" defendant is the current Attorney General of the State of South Carolina. The second defendant is the former Attorney General of the State of South Carolina. The "STATEMENT OF CLAIM" portion of the Complaint in the above-captioned case and documents submitted by Plaintiff in a contemporaneously-filed case, *Dwyer v. Judge George M. McFaddin, Jr.*, Civil Action No. 3:11-2008-JFA-JRM,[1] indicate that this civil action arises out of the issuance of an Attorney General's opinion on March 19, 2010.

_____

[1] This Court may take judicial notice of *Dwyer v. McFaddin*, Civil Action No. 3:11-2008-JFA-JRM. *See, e.g.*, *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."); and *Long v. Ozmint*, 558 F. Supp. 2d 624, 629 (D.S.C. 2008).

Judge McFaddin's original oath of office was not formally filed with the Office of the South Carolina Secretary of State when he (Judge McFaddin) took office in 2002.  This prompted Judge McFaddin, in 2009 or in early 2010, to ask the Office of the Attorney General of the State of South Carolina for an Attorney General's opinion.

On March 19, 2010, the Office of the Attorney General of the State of South Carolina issued an opinion finding that, despite the failure to file the oath with the Secretary of State, Judge McFaddin's orders and judicial actions were still valid:

> Office of the Attorney General
> State of South Carolina
>
> March 19, 2010
>
> The Honorable George M. McFaddin, Jr.
> Family Court Judge
> Third Judicial Circuit
> 108 N. Magnolia Street
> Sumter, South Carolina 29150
>
> Dear Judge McFaddin:
>
> You have asked whether the absence of a filed oath of office with the Secretary of State's Office would affect in any way your authority as a Family Court Judge.
>
> The answer is no.  This Office has continuously ruled over many years that matters such as oaths do not in any way affect the authority of a public officer such as yourself and that a third party may not raise such lack of authority as any basis to call into question any decision made by an officer.  Specifically, an opinion of this Office dated October 26, 1992 stated that "… the law which requires a bond or oath is 'merely directory.' … (Furthermore) … so long as the officer appointed continues to discharge the duties of his office, his official acts as to third persons, are legal."  See, Kottman v. Ayer, 3 Strob. 92 (1848) see also State ex rel. McLeod v. Colleton County, 266 S.C. 279, 223 S.E.2d 166 (1975).
>
> Very Truly Yours,

2

Henry McMaster
Attorney General

By: Charles H. Richardson
Senior Assistant Attorney General


REVIEWED AND APPROVED BY:
Robert D. Cook
Deputy Attorney General

*The Honorable George M. McFaddin, Jr.*, 2010 S.C. AG LEXIS 28, 2010 WL 1370090 (S.C.A.G.

March 19, 2010).

Plaintiff contends that the Attorney General Opinion issued on March 19, 2010, "sent legal

aid" to Judge McFadden.  Plaintiff also appears to be contending that Judge McFaddin's judicial

actions and orders were invalid because his original oath of office was not filed with the Office of

the Secretary of State.

### *Discussion*

Under established local procedure in this judicial district, a careful review has been made

of the *pro se* Complaint.  The review[2] has been conducted in light of the following precedents:

*Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v.*

*Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th

Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d

1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

---

[2]Pursuant to the provisions of  28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

This Court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, a plaintiff's allegations are assumed to be true. *Erickson v. Pardus*, 551 U.S. at 93 (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). *See also Ashcroft v. Iqbal*, ___U.S. ___, 129 S.Ct. 1937, 1953, 173 L.Ed.2d 868 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

The State of South Carolina and its agencies or departments are immune from suit under the Eleventh Amendment, which divests this Court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. *See, e.g., Federal Maritime Commission v. South Carolina State Ports Authority*, 535 U.S. 743 (2002); *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356 (2001); *Kimel v. Florida Board of Regents*, 528 U.S. 62 (2000); *Alden v. Maine*, 527 U.S. 706 (1999); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); *Belcher v. South Carolina Board of Corrections*, 460 F. Supp. 805,

4

808-809 (D.S.C. 1978); and *Simmons v. South Carolina State Highway Dept.*, 195 F. Supp. 516, 517 (E.D.S.C. 1961).

The issuance of the Attorney General's Opinion on March 19, 2010, relating to Judge McFaddin's oath of office, was an official act and the opinion was a public record.  As a result, the opinion is available from the website of the South Carolina Attorney General and from legal databases, such as LEXIS and WESTLAW.  Since Attorney General McMaster was acting in his official capacity when he issued the Attorney General's Opinion of March 19, 2010, he is immune from suit under the Eleventh Amendment.  *See Brown v. Lieutenant Governor's Office on Aging*, 697 F. Supp. 2d 632, 635 (D.S.C. 2010), which cites *Gray v. Laws*, 51 F.3d 426, 430 (4th Cir. 1995).

It can be judicially noticed that current South Carolina Attorney Alan Wilson was not the Attorney General of South Carolina when the Attorney General's opinion for Judge McFaddin was issued on March 19, 2010.  Since Alan Wilson was not personally involved in the issuance of the Attorney General's opinion of March 19, 2010, liability under § 1983 could not be imposed upon him, even if he were sued in his individual capacity.  *See Horton v. Marovich*, 925 F. Supp. 540, 543 (N.D. Ill. 1996) ("Thus, a plaintiff suing a government official in his individual capacity and therefore seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation of a federal right."); and *Smith v. Beasley*, Civil Action Nos. 0:07-1641-HFF-BM and 0:07-1642-HFF-BM, 2007 U.S.Dist. LEXIS 54010, 2007 WL 2156632, *2 (D.S.C., July 25, 2007) (adopting magistrate judge's Report and Recommendation, which cites *Horton v. Marovich*).

5

### *Recommendation*

Accordingly, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice* and without service of process. *See* 28 U.S.C. § 1915. Plaintiff's attention is directed to the important Notice on the next page.

August 17, 2011                              Joseph R. McCrorey
Columbia, South Carolina                     United States Magistrate Judge

6

## Notice of Right to File Objections to Report and Recommendation

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).